AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**DISTRICT OF** Massachusetts

UNITED STATES OF AMERICA

V.

Saul A. Vesecky
address unknown
DOB: 10/30/58, ss 007 64 7776

**CRIMINAL COMPLAINT**

CASE NUMBER: 04-M0023-CPL

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  August 10, 2004  in  Suffolk  county, in the District of  Massachusetts  defendant(s) did, (Track Statutory Language of Offense) escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General

in violation of Title  18  United States Code, Section(s)  751(a) .

I further state that I am a(n)  Deputy United States Marshal  and that this complaint is based on the following facts:
Official Title

see attached affidavit

Continued on the attached sheet and made a part hereof:   [X] Yes   [ ] No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

08-13-2004                                        at           Boston, Massachusetts
Date                                                              City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE                    _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT OF SUSAN J. WILLIAMS

I, Susan J. Williams, being duly sworn, hereby depose and state as follows:

1. I am a Deputy United States Marshal and have so been employed for approximately fourteen years.

2. This affidavit is made in support of a criminal complaint charging Saul Vesecky ("Vesecky"), date of birth of October 30, 1958, with Escape from the Custody of the Attorney General, in violation of Title 18, United States Code, Section 751(a). The facts contained herein are based on my own investigation of this matter, as well as information I have received from other law enforcement officials.

3. On August 11, 2004, the United States Marshals Service received a facsimile transmittal from R.D. Andrews, Warden of the Taft Correctional Institution ("TCI"), a contract facility for the United States Federal Bureau of Prisons ("Bureau of Prisons"), in Taft, California, stating that Vesecky had failed to report to the Coolidge House Community Correctional Center in Boston, Massachusetts ("Coolidge House") on August 10, 2004.

4. I have personally reviewed Vesecky's case file. My review revealed the following facts:

    a) On March 31, 2003, Vesecky was arrested in California by Federal Bureau of Investigation

    agents on a warrant that was issued by the United States District Court for the District of Massachusetts on November 21, 2002, charging him with mailing threatening communications. Vesecky was transferred to Massachusetts and was held without bail pending trial.

b) Vesecky was sentenced to an aggregate term of twenty months in prison by the United States Court for the District of Massachusetts (Lindsay, J.) on April 13, 2004, for Mailing Threating Communications. A copy of the judgment to that effect is attached hereto as Exhibit A.

c) Vesecky was transferred by the United States Marshals Service to the Taft Correctional Institution in California on June 10, 2004 to serve his sentence. Subsequent to his arrival, Vesecky was approved for a thirty day Community Corrections Center placement at the Coolidge House, Huntington Avenue, Boston, Massachusetts. The Bureau of Prisons designated him to Coolidge House as the place for service of the remainder of his sentence. Vesecky was to report on August 10, 2004 at 2:45 p.m., under his own volition via Greyhound Bus and taxi.

d)  The staff from Coolidge House informed Taft Correctional Institution that Vesecky did not arrive on August 10, 2004. Additionally, personnel from Greyhound Bus Lines indicated that the bus transporting Vesecky did not experience any travel delays and arrived in Boston on time. Vesecky's prison sentence was scheduled to expire on September 8, 2004 and he was expected to be released by the Bureau of Prisons via full term release.

e)  Part of Vesecky's terms and conditions of incarceration was to report to Coolidge House. To date, Vesecky has not contacted Coolidge House personnel, Bureau of Prisons personnel, or Marshals Service personnel.

5. For the foregoing reasons, I believe probable cause exists to conclude that on August 10, 2004, and continuing to this date, Vesecky did knowingly escape from the custody of the Attorney General and his authorized representative, or from any institution and facility in which he was confined by direction of the Attorney General pursuant to a judgment of conviction entered in the United States District Court for the District of Massachusetts, in violation of Title 18, United States Code, Sections 751(a).

*[signature]*
Susan J. Williams
Deputy U.S. Marshal
District of Massachusetts

Subscribed and sworn to before me this 13th day of August 2004.

*[signature]*
LAWRENCE P. COHEN
United States Magistrate Judge

JS 45 (5/97) - (Revised USAO MA 3/25/02)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |
|---|---|

**Place of Offense:**   Category No. __II__   Investigating Agency __U.S. MARSHALS__

City __Boston__   **Related Case Information:**

County __Suffolk__   Superseding Ind./ Inf. _____   Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Saul Vesecky__   Juvenile ☐ Yes ☒ No

Alias Name _____

Address __unknown__

Birth date: __1958__   SS#: __000 00 7776__   Sex: __M__   Race: __Caucasian__   Nationality: __USA__

Defense Counsel if known: __Catherine Byrne__   Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Kim West__   Bar Number if applicable _____

Interpreter: ☐ Yes ☒ No   List language and/or dialect: _____

Matter to be SEALED: ☐ Yes ☒ No

☒ Warrant Requested   ☐ Regular Process   ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____.

☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

Charging Document:   ☒ Complaint   ☐ Information   ☐ Indictment

Total # of Counts:   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony __1__

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.   8/13/04

Date: _____   Signature of AUSA: _____

JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

**District Court Case Number**  (To be filled in by deputy) _____

**Name of Defendant**     Saul Vesecky _____

U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. § 751(a) | escape | 1 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:** _____

_____

_____

**District Court Case Number**  (To be filled in by deputy) _____

**Name of Defendant**     Saul Vesecky _____

JS45.wpd - 3/13/02

AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| SAUL A. VESECKY | Case Number: 1: 03 CR 10165 - 001 - RCL |

Catherine Byrne, Esq.
Defendant's Attorney

☐ Reduction of Sentence for Changed Circumstances (Fed R Crim P35(b))

**THE DEFENDANT:**
☒ pleaded guilty to count(s): 1-8
☐ pleaded nolo contendere to counts(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.
Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 876 | Mail Threat Communication | 08/04/99 | 1 |
| 18 USC § 876 | Mail Threat Communication | 02/26/02 | 2 |
| 18 USC § 876 | Mail Threat Communication | 10/14/99 | 3 |
| 18 USC § 876 | Mail Threat Communication | 02/22/02 | 4 |
| 18 USC § 876 | Mail Threat Communication | 07/30/99 | 5 |
| 18 USC § 876 | Mail Threat Communication | 06/21/02 | 6 |

☒ See continuation page

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

☐ Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00-00-1958

Defendant's USM No.: 21723-038

Defendant's Residence Address:

Defendant's Mailing Address:

04/13/04
Date of Imposition of Judgment

Signature of Judicial Officer
/s/The Honorable Reginald C. Lindsay
Name and Title of Judicial Officer
Judge, U.S. District Court
Date

A

Continuation Page - Judgment in a Criminal Case

CASE NUMBER: **1: 03 CR 10165  - 001 - RCL**
DEFENDANT:

Judgment - Page 2 of 7

## SAUL A. VESECKY

### ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 876 | Mail Threat Communication | 04/23/99 | 7 |
| 18 USC § 876 | Mail Threat Communication | 01/10/02 | 8 |

CASE NUMBER: 1: 03 CR 10165 - 001 - RCL
DEFENDANT: SAUL A. VESECKY

Judgment - Page 3 of 7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    20    month(s)

[x] The court makes the following recommendations to the Bureau of Prisons:
that the defendant be placed at Ft. Devens and participate in a mental health treatment program.

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
  [ ] at _____ on _____
  [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before _____ on _____
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B Sheet 3 - Supervised Release - D. Massachusetts (10/01)

CASE NUMBER: 1: 03 CR 10165 - 001 - RCL
DEFENDANT: SAUL A. VESECKY

Judgment - Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   3   year(s)

[X] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1: 03 CR 10165 - 001 - RCL
DEFENDANT: SAUL A. VESECKY

Judgment - Page 5 of 7

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

The defendant is to reside for a period of three (3) months in a community corrections center and shall observe the rules of that facility.

The defendant is to participate in a mental health treatment program as directed by the United States Probation Office.

The defendant shall have no contact, either direct or indirect, with any victim.

The defendant is to keep probation informed of residence address at all times while on supervised release.

AO 245B  Judgment in a Criminal Case - D. Massachusetts (10/01)
    Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page 6 of 7

CASE NUMBER: 1: 03 CR 10165  - 001 - RCL
DEFENDANT: **SAUL A. VESECKY**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $800.00        |          |                 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|-------------------|---------------------------|-----------------------------------|---------------------------------------------|
|                   |                           |                                   |                                             |

☐ See Continuation Page

| TOTALS | $0.00 | $0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
Sheet 5, Part B — Criminal Monetary Penalties

CASE NUMBER: 1: 03 CR 10165 - 001 - RCL
DEFENDANT: SAUL A. VESECKY

Judgment - Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [X] Lump sum payment of  $800.00  due immediately, balance due

   [ ] not later than _____, or
   [ ] in accordance with [ ] C, [ ] D, or [ ] E below; or

B  [ ] Payment to begin immediately (may be combined with C, D, or E below); or

C  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

   Case Number, Defendant Name, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ] See Continuation Page

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.