UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>SAUL VESECKY )<br> )<br> ) | Criminal No. 04-10327-PBS |

**GOVERNMENT'S SECOND RENEWED MOTION FOR HEARING
PURSUANT TO 18 U.S.C. § 4241**

The government respectfully renews its motion for a hearing regarding Defendant's competency, pursuant to 18 U.S.C. § 4241. As ground for this motion, the Government submits that there is reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. See attached affidavit.

Although Judge Lindsay found the defendant competent to enter a plea of guilty on January 9, 2004, the government submits that there are factors both before and after his finding that give reasonable cause to believe that that defendant's competency level is not consistent and is presently impaired. Specifically, the government notes that the defendant appeared several times before M.J. Dein in mid-2003 and she expressed concern about both his mental health and competency. Recongnizing that the defendant suffered from mental issues, M.J. Dein ordered the defendant to undergo a mental examination to determine whether the defendant required future mental health treatment. After the evaluation confirmed that the defendant required such treatment, M.J. Dein ordered that he be transferred to Fort Devens to receive it. When the

Bureau of Prisons balked at the transfer, M.J Dein expressed her concern that the defendant's competency needed to be addressed as well. Counsel for the defendant indicated that she did not want to seek a competency examination because if the defendant were found incompetent and dangerous, he would be locked up indefinitely. She further explained that she wanted him on medications to make him better. Counsel requested more time to persuade BOP to make the transfer, otherwise, she would ask for a competency examination.

Ultimately, no competency examination was done and the defendant requested a Rule 11 hearing in front of the District Court. At sentencing, J. Lindsay recognized the defendant's mental issues and recommended that he be incarcerated at a facility with a mental health program and undergo mental health treatment at the direction of his probation officer during the period of supervised release.

Four months later, the defendant escaped from furlough. Within two weeks time he was arrested in Tempe, Arizona. The defendant was arrested at 11:30 p.m. and was initially approached because he was in violation of a park curfew and appeared to be homeless. During the two week period of his escape, one of the victims in the underlying matter received a note, written on the back of a receipt from the United States Postal Service, dated August 13, 2004, issued from Times Square Station, New York. The note read: "Do unto others as they would do unto you ... Aren't you glad you are not in Oklahoma." The note was accompanied by a newspaper clipping from a New Jersey newspaper dated August 10, 2004, entitled "At Life Sentencing, Nichols Asks for Forgiveness for Bombing." The victim in the matter believed that Vesecky sent the letter.

It is the government's postion that M.J. Dein and counsel for the defendant both

recognized that the defendant may be suffering from competency issues. Nonetheless, the issues were not addressed. Although Judge Lindsay found the defendant competent in April, 2004, the government submits that the defendants' subsequent behavior provides cause to believe that his competency again has suffered. Inconsistent with reasonable behavior, the defendant escaped custody when he had less than one month left to serve on a halfway house sentence. Furthermore, evidence would suggest that he wrote another note to a victim in the underlying case in defiance of a direct order of this Court. It is possible that these actions merely illustrate criminal behavior, but in light of the defendant's mental history, it seems that they are more likely the result of a mental disease or mental incompetency.

The Government requests that a psychiatric or psychological examination of the Defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of 18 U.S.C. §§ 4247(b) and (c).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Kimberly P. West
      KIMBERLY P. WEST
      Assistant U.S. Attorney
      (617) 748-3176

Dated: December 1, 2004

<u>CERTIFICATE OF SERVICE</u>

Boston, Massachusetts                                                                                   December 1, 2004

      I, Kimberly P. West, Assistant U.S. Attorney, do hereby certify that I have, this day, hand-delivered a copy of the foregoing, to Catherine Byrne, Esq., Federal Defenders Office, 408 Atlantic Avenue, 3rd Fl., Boston, MA 02210.

<u>/s/ Kimberly P. West</u>
KIMBERLY P. WEST
Assistant U.S. Attorney