## **AFFIDAVIT**

I, Kimberly P. West, hereby depose and state as follows:

1. I am the Assistant United States Attorney assigned to prosecute the instant matter. I also prosecuted the matter of <u>United States v. Saul Vesecky</u>, 03-10165-RCL. The defendant was serving a sentence on the latter case at the time of the alleged escape.

2. In <u>United States v. Saul Vesecky</u>, 03-10165-RCL, the defendant was convicted of eight counts of mailing threatening communications. Specifically, he was convicted of sending threatening letters to four members of the Briffett family from 1999 - 2000.

3. The defendant was held without bail on 03-10165-RCL. However, in order to determine the suitable course of future mental health treatment, the Court ordered the U.S. Marshals to transfer the defendant to Veteran's Administration Hospital for a one day mental health evaluation. The evaluation found that the defendant was mentally ill and recommended that the defendant undergo treatment in a secure setting until further information about the defendant's condition was known.

4. Defendant then moved for a transfer from Plymouth House of Corrections to Devens for medical treatment. M.J. Dein allowed the motion on September 3, 2003 and ordered that the defendant be transferred for a general psychiatric evaluation and medical treatment.

5. By September 19, 2004, however, the Bureau of Prisons ("BOP") had refused to move the defendant. At the September 19, 2004 hearing, M.J. Dein indicated that the defendant's competency should be addressed. Counsel for the defendant indicated that she did not want to seek a competency examination because if the defendant were found incompetent and dangerous, he would be locked up indefinitely. She further explained that she wanted him on medications to make him better. Counsel requested more time to persuade BOP to make the transfer, otherwise, she would ask for a competency examination. The defendant was allowed additional time and a competency examination was not ordered.

6. On November 12, 2003 a pre-trial conference was held before the District Court during which a change of plea hearing was scheduled for December 9, 2003.

7. On December 9, 2003, the defendant asked for a continuance and a Rule 11 hearing took place on January 9, 2004 where J. Lindsay found the defendant competent to plea to the charges.

8. On April 13, 2004, the defendant was sentenced to 20 months imprisonment with the recommendation that he be sent to a facility with a mental health program. Additionally, the defendant was to participate in a mental health program as ordered by probation during the three years of supervised release. Finally, the Court ordered that the defendant have no contact either directly or indirectly with any victim in the matter.

9.  On August 13, 2004, the government filed a complaint and later, the instant indictment, alleging that the defendant had escaped the custody of BOP. At the time of the escape, the defendant had approximately one month left to serve of his sentence.

10. On October 6, 2004, the defendant initially appeared on the instant matter. The government filed a motion for a hearing pursuant to 18 U.S.C. § 4241 regarding the defendant's competency. M.J. Cohen indicated that he would not consider the motion until the defendant was returned to the District after finishing his original sentence.

11. The defendant next appeared in front of the Court on October 27, 2004, where the government renewed its motion for a competency exam. Counsel for the defendant indicated that she had no trouble conferring with the defendant. The motion was denied without prejudice and the Court indicated that it would not consider it again until after the defendant was indicted.

12. On November 2, 2004, the defendant was indicted and arraigned on escape charges. A detention hearing was held and the government presented evidence that the defendant sent another letter to one of the victims during the period of time that he had escaped custody. The government filed a second motion for a competency examination and the Court indicated that it would not allow the motion without more information.

/s/ Kimberly P. West
KIMBERLY P. WEST

Dated: December 1, 2004